No. 13,596.

CLEMENT DABEZIES VS. BERNARD BARTHE ET ALS.

## SYLLABUS.

1. One may sustain an action to set aside a hinderance to the execution of his judgment (which hinderance is in the shape of a mortgage averred to be without consideration), defendant having no other property liable to seizure.

2. The action was *en declaration de simulation* and the allegations of the peti tion were not such as rendered it necessary for the court to order the plaintiff to elect whether he would proceed by way of a revocatory action, or *en declaration de simulation.*

3. Plaintiff, alleging that a mortgage is simulated, attacked all the asserted consideration of the mortgage, including the asserted consideration of an old mortgage which entered into and formed part of the new mortgage specially attacked. In effect, both mortgages were attacked.

#### ON THE MERITS.

4. Plaintiff's claim had not been novated. It dated from a time anterior to the claim of defendants, and is not subject to the objection that plaintiff could not attack an act of a prior date to that of plaintiff's claim. Besides, one not a creditor at the date of the execution of an act may yet show its simulation.

5. The facts and circumstances were such as to shift the burden of proof from the plaintiff to the defendant. After the *onus* of proof had shifted because of the evidence of simulation, defendants failed to sustain their position in the cause by proving that the mortgage had the consideration alleged.

APPEAL from the Civil District Court, Parish of Orleans—*St. Paul, J.*

*Charles J. Theard* and *Emile J. Meral* for Plaintiff, Appellee.

*James B. Rosser, Jr.,* and *Geo. W. Flynn* for Defendants, Appellants.

The opinion of the court was delivered by

BREAUX, J. Plaintiff had attacked two mortgages as simulated. They were executed in the conventional mortgage form by Bernard Barthe, one in favor of his son for fifteen hundred dollars and the other in favor of his daughter for the sum of thirty-five hundred dollars, and each is dated the 21st day of February, 1899.

Plaintiff avers that he has obtained a judgment against the mortgagor, Bernard Barthe, for the sum of twenty-two hundred and two and 5-100 dollars with five *per cent.* interest *per annum,* and costs, and that Bernard Barthe, in order to prevent its execution, and to escape from the payment of his judgment made the mortgage attacked and had it recorded, as well as the mortgage for fifteen hundred dollars, to which we will hereafter refer.

He further avers that Barthe, his debtor, has no other property; that these mortgages are simulated and fraudulent and without the least consideration; that in order to execute his judgment as he desires, it is necessary that these simulated acts of mortgage be erased from the records.

Defendant, in the first place, sought to meet plaintiff's demand by interposing an exception setting out that plaintiff's petition is vague and indefinite; that this action is premature; that plaintiff has never attempted to execute his judgment against his debtor, Barthe; and that plaintiff should be ordered to elect his action, either revocatory or *en declaration de simulation.*

Before taking up the decision on the merits, we will review the grounds of the exception and decide whether or not the exception was correctly overruled in the District Court.

As relates to the first objection in the exception, viz: that plaintiff's petition is vague and indefinite, we think that the cause of action is stated clearly enough to enable defendant to meet plaintiff's suit. Nothing in the pleading or in argument shows in what respect the defendant had cause to complain on this score. Defendant's brief is entirely silent on the subject.

We pass to the next ground contained in the exception, viz: that the action is premature and that plaintiff has never sought to execute his judgment, and that, if he had, there is enough property owned by defendant, Bernard Barthe, to satisfy his judgment. In our view, plaintiff is now seeking to lay the foundation for the execution of his judgment. There is nothing premature in this step looking to the enforcement of his judgment. Preliminarily, he may have a mortgage cancelled if it be void and stands in the way of recovering an amount to which he has a right.

Instead of a direct seizure under a *fi. fa.,* he may resort to a suit and by it avoid, or seek to avoid, costs and delay and even damages which may grow out of an illegal seizure in case the act attacked is not simulated as he has conceived it to be. The debtor's property being the

common pledge of his creditors, a direct action may be brought to remove prejudicial impediments put on the title.

While, by the direct action, plaintiff may, also, perhaps, be made to pay for an error in his attack (in the way of costs and other expenses,) the probabilities are that they will not be as large in a suit such as this as in a direct seizure. There can be no possible objection, under the rules of pleading, to the assertion of a right by a direct action instead of by a direct seizure, when the creditor avers that the only property which the debtor owns is that upon which his mortgage rests and that it is illegally encumbered as before stated.

In answer to the ground set up by way of exception that plaintiff's debtor, Bernard Barthe, had enough property to satisfy the debt without the necessity of this action, we can only say that the assessment of the property for taxes, the amount of insurance on the property, and other testimony relating to the value of the property mortgaged do not sustain the averment to which we have just referred; that is, in substance, that a seizure should have been made and no direct action should have been instituted.

The application for an order to compel plaintiff to elect, which is made the third and last ground of exception, is, in our view, equally as untenable. If simulation be not fraudulent, it is because it is not prejudicial to the rights of the creditors. It concerns no one, but if it be to the prejudice of any one, then it is fraudulent; and the fact that one alleges that a mortgage is a fraudulent simulation, does not, by characterizing it thus, set forth a revocatory, instead of an action to have the simulation pronounced. The action is an action *en declaration de simulation*. We, therefore, conclude that the exception was properly overruled by the judge of the District Court.

After the exception had been overruled, defendants filed an answer admitting that Bernard Barthe was indebted to plaintiff as alleged, but denying all of plaintiff's charges of simulation and pleaded the verity of their mortgage.

## ON THE MERITS.

The issues are issues of fact almost exclusively. The mortgage for fifteen hundred dollars (one of the mortgages attacked by plaintiff), was executed by the mortgagor in favor of his son, Louis F. Barthe, and the mortgage for three thousand five hundred dollars was executed by the same mortgagor on the same property in favor of his daughter. At the

time of the confection of these mortgages, priority was given to the mortgage for fifteen hundred dollars. The son of the mortgagor, Louis P. Barthe, testified that his father was indebted to him in a large amount and that he, the son, was indebted to his sister; that he arranged it so as to pay his sister with his father's note secured by mortgage for the thirty-five hundred dollars, before mentioned, and that he received the fifteen hundred dollar note in part payment of his father's indebtedness. He, however, although indebted to his sister, retained priority for the note of fifteen hundred dollars which he transferred, in the course of his own transaction, to a third person. The reason for giving this preference to this note is not, under the circumstances, clearly and satisfactorily given by the testimony.

The brother, although he asserts that his sister was his creditor, has not established how it was that she became his creditor. To the following question: "Do you know where your sister got her money she loaned to you?" he answered: "I gave her five dollars a week and now two dollars." So that, according to this, the consideration, as relates to the sister, of the mortgage indebtedness to the brother secured on the father's property was the money, the few dollars, given each week by the brother to the sister. At another time during the trial something was said about moneys earned many years ago by the sister, but this is equally as unsustained and unexplained as the other items of revenue which defendants assert constitute part of the consideration of the mortgage. We will not dwell on each of the items of asserted indebtedness of the father to his children growing out of asserted loans made by them to him. We have seen that the sister claims to have saved from her scant revenue a comparatively large amount. The testimony does not sustain the claim to a sufficient extent as to enable us to pronounce judgment in her favor. Her mortgage alone is before us for review. The mortgage in favor of her brother, Louis P. Barthe, is held by an innocent third person and for that reason is not before us for review and decision. It was decided in the District Court that this mortgage indebtedness was in the hands of a third person by transfer of the mortgage and held in good faith, and that, in consequence, it became a valid claim. No complaint is made here against that portion of the decree of that court. It may be that the loans claimed were made by the sister as a consideration for the second mortgage, i. e., that for thirty-five hundred dollars, but if they were it is entirely exceptional and extraordinary. With the testimony before us, the mortgage cannot

stand the test of scrutiny. The age of the young lady, the character of her employment for which she received sums very little in amount, and the donations made to her render her claim too uncertain for judicial sanction. The reality of the loans and the mortgages is not rendered probable by experience or reason.

. Simulation is not susceptible of actual demonstration. The conflicting evidence raised a presumption which the other testimony did not sufficiently explain and rebut. We have seen that defendants contend that the asserted indebtedness claimed by them and made the consideration of the mortgage in question is of a date anterior to the date of plaintiff's claim and prior, to the date of the mortgage attacked. Defendants contend that as their claims are of a date prior in time to that of plaintiff, that he, plaintiff, cannot, for that reason, have their mortgage decreed void. This matter of prior date of defendants' claim is not conclusively established by the evidence. The pleadings of plaintiff put at issue the validity of the mortgage and the validity of the consideration and by his averments and pleadings he seeks to have both decreed unreal. These attacks relate back to the date of the asserted consideration. We are inclined to the opinion that plaintiff's claim is of a prior date to that of defendants.

Moreover, a creditor can sustain a suit to annul a contract made before his debt accrued, if it appears that at the time of making the contract, the debtor sought to prejudice the rights of the future creditor. *Fraus omnia corrumpit.* A creditor, though not a creditor at the date of the simulated contract, may yet show its simulation. Mossop vs. Creditors, 41 Ann. 296.

Defendants also contend that there was nothing unusual or suspicious in connection with the execution of the second mortgage of date 21st February, 1899. (These mortgages embraced in a completely new form, mortgages that had been executed between the same parties in 1896.)

To support the contention, they aver that the execution of the mortgage attacked by plaintiff was not conceived by any one of the parties defendant or appellant; that the new act came about entirely from the suggestion of the notary of Louis P. Barthe when he came to him to see if he could negotiate the fifteen hundred dollar note of March 10th, 1896. There is no question of the good or bad faith of the notary. He only did that which any well posted notary would have done. He doubtless only suggested that, in order to enable him to succeed in negotiating past due paper (dating from 1896), it should be exchanged

for new and unmatured paper.   He, as we understand, had naught to do with the consideration of the paper.   There is nothing in this which can possibly render it evident that the mortgage had consideration.

We agree with the district judge that the consideration of the mortgage claim is not at all evident,  It only remains for us to affirm the judgment.

For reasons assigned, the judgment appealed from is affirmed.

Rehearing refused.